### PEOPLE *ex rel.* QUINN *v.* ROBB *et al.*, Park Commissioners.

(*Supreme Court, General Term, First Department.* May 9, 1890.)

1. CERTIORARI—RETURN—SUFFICIENCY.

　　On *certiorari* to review the action of the park commissioners dismissing relator from the park police force, the return to the writ, which commanded respondents to certify and send up all their acts and proceedings, stated that, at the time and place fixed for the hearing, relator only appeared, "and thereupon the proceedings were had which are set forth in Schedule C," annexed to the return. *Held*, that it would be assumed that the proceedings mentioned in the schedule were all that took place, and that the omission of the record to show any such refusal to allow a witness to testify in behalf of relator, as was alleged in the petition, would be regarded as a denial that any such thing occurred.

2. MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

　　A policeman was charged with being off his post, and sitting down and having a can of beer in the gate box at one of the entrances to the park. His explanation that he went into the box to drink his coffee was met by the testimony of the sergeant that there was no coffee in the box, and no arrangement by which to heat coffee; and there was also testimony that, upon the approach of the sergeant, relator attempted to hide himself by getting on the floor. *Held*, that the testimony was sufficient to sustain a finding that the charge was true.

3. SAME—EXAMINATION OF DEFENDANT.

　　The record stated the testimony of the relator as follows: "John J. Quinn, [relator,] being duly sworn, testified as follows: *Question.* Are you guilty, or not guilty? *Answer.* I am guilty of going in the box for the simple purpose of drinking my coffee. * * * *Q.* But you were there, sitting down? *A.* No, sir; I deny sitting down." *Held*, that it did not appear that relator was wrongfully compelled to be sworn as a witness against himself.

*Certiorari* by John J. Quinn to review the action of J. Hampton Robb and others, as park commissioners of the city of New York, in dismissing relator from the police force of the park department.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Louis J. Grant*, for relator.    *Edward H. Hawke, Jr.*, for respondents.

BARTLETT, J. The relator was a member of the police force of the park department of the city of New York. On the 22d day of February, 1889, he was charged by his captain with being off post, and with having violated the rules of the department. The specification was that, at 12:42 o'clock A. M. on that day, he was off his post in the Central Park, and "was sitting down, and having a can of beer, in the gate box of the Fifty-Ninth street and Eighth avenue entrance." He was tried upon this charge and specification before Commissioner Robb; and, upon the evidence taken upon the hearing, the board of park commissioners subsequently adjudged that the charge was true, and dismissed the relator from the park police force. The brief of the respondents is devoted chiefly to a discussion of the evidence, and the assertion of its sufficiency to sustain the determination under review. The relator, however, does not seem to rely upon any failure of proof as a reason for reversing the decision of the board of park commissioners. His counsel has not discussed the evidence at all, but confines his argument to two allegations of error which he insists upon as fatal to the action of the board. He asserts that the relator offered a witness to testify in his behalf who would have given testimony to prove his innocence, but the commissioners refused to allow the witness to testify, and furthermore that the accused was deprived of a material right in being wrongfully forced to be sworn as a witness against himself.

The petition upon which the writ of *certiorari* was granted, after stating that the relator was tried upon the charge and specification already mentioned, goes on to say that "upon such trial your petitioner offered a witness to testify in his behalf who would have given evidence to prove your petitioner's innocence of the charge, but the commissioners refused to allow such witness to testify." In the return there is no reference to this allegation; but the relator insists that the court is bound to consider it in disposing of the case here, inasmuch as the Code prescribes that the cause must be heard upon the writ and return, and the papers upon which the writ was granted. Code Civil Proc. § 2138. The allegation cannot be taken as true, however, unless it is assumed that the return does not contain all the proceedings upon the hearing before Commissioner Robb. The return does not say, in so many words, that it contains all the proceedings, but merely that, at the time and place fixed for the hearing, the relator duly appeared, "and thereupon the proceedings were had which are set forth in Schedule C," annexed to the return. As the writ of *certiorari* commanded the respondents to certify, and send to this court, "all and singular the act, acts, and proceedings" by them had in the premises, we think it should be assumed that the proceedings mentioned in the schedule annexed to this return are all that took place; and the omission of the record of those proceedings to show any such refusal to allow a witness to testify in behalf of the relator, as is alleged in his petition, is to be regarded as a denial that any such thing occurred. If the relator deemed the return defective, as it certainly was if it failed to embody all the proceedings which resulted in the determination under review, he could have compelled a further return by a proper application to the court, (Id. § 2135;) and his failure to do so is certainly strongly indicative of the substantial completeness of the return actually made.

The complaint that the relator was compelled to be a witness against himself is wholly based upon a passage in the record of the proceedings which, after showing that Commissioner Robb was present at the arsenal in the Central Park on March 2, 1889, and took up the trial of the relator, charged with being off post, and with a violation of the rules, states the testimony of the first witness as follows: "John J. Quinn, being duly sworn, testified as follows: *Question.* Are you guilty, or not guilty? *Answer.* I am guilty of

going in the box for the simple purpose of drinking my coffee. I went in for my lunch. I know nothing at all about the beer, Mr. President. *Q.* But you were there, sitting down? *A.* No, sir; I deny sitting down." According to the learned counsel for the relator, his client was thus wrongfully forced to be sworn as a witness against himself, or to plead under oath. It seems to us, however, that the fair inference from the testimony, as it appears in the record, is that the relator gave his testimony willingly, and of his own accord, and without the exercise of the slightest constraint upon him. Under these circumstances, there is no basis for holding that he has been deprived of any substantial right.

These views dispose of the legal objections upon which the learned counsel for the relator attacks the judgment of dismissal. As we have said, he does not enter into any discussion of the proof against his client; and we might, therefore, assume that he conceded that proof to be adequate to sustain the conviction, in the absence of any legal error. It is proper to add, however, that we have carefully examined the evidence, and that in our opinion it was sufficient to sustain the finding that the charge was true. It is clear that the relator was in the watch box, in violation of the rules of the department, unless he went there for the purpose of taking luncheon. His own statement that he went in to drink his coffee was squarely contradicted by the testimony of the sergeant that there was no coffee in the box, and no arrangement by which to heat coffee; and the attempt of the relator to hide himself by getting on the floor upon the approach of the sergeant tended to show that he himself was conscious that he was wrongfully in the box at the time in question. The proceedings should be affirmed and the writ dismissed, with costs. All concur.